**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANGELA MILLER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CASE NO. 4:12cv746 |
| | § | Judge Clark/Judge Mazzant |
| FEDERAL HOME LOAN MORTGAGE | § | |
| CORPORATION and PNC BANK, | § | |
| NATIONAL ASSOCIATION | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND
<u>RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Came on for consideration the report of the United States Magistrate Judge in this action,
this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28
U.S.C. § 636.  On September 6, 2013, the report of the Magistrate Judge was entered containing
proposed findings of fact and recommendations that Defendants' Motion to Dismiss Pursuant to
Rule 12(c), or in the Alternative, Motion for Summary Judgment [Doc. #16] be granted [Doc.
#19].  On September 23, 2013, Plaintiff filed "Objection to Report of the Magistrate" [Doc. #22].
On October 4, 2013, Defendants filed a response [Doc. #23].

Plaintiff first objects to the Magistrate Judge's conclusion that the declaration of Plaintiff
should be stricken because it omitted "under penalty of perjury."  Plaintiff suggests that the
content of the declaration is clear and that the defect is one of form and not substance.  Plaintiff
cites the court to *Powell v. Profile Design LLC*, 838 F. Supp. 2d 535, 540 (S.D. Tex. 2012), to

1

support her position.  However, her reliance upon this case is misplaced.  In *Powell*, the court

found that the declaration was in substantial compliance with 28 U.S.C. § 1746 because the

declaration contained similar language as what section 1746 requires.  In this case, Plaintiff's

declaration does not comply with section 1746, and the Magistrate Judge was correct.  The defect

was pointed out, and Plaintiff failed to ask for leave to amend to correct the declaration.

Moreover, the Magistrate Judge correctly determined that even if the declaration were

considered, the result would not change.  Plaintiff's objection is overruled.

Plaintiff next objects to the Magistrate Judge's finding that the oral modifications are

within the statute of frauds.  Plaintiff argues that the Magistrate Judge reads the partial

performance exception to the statute of frauds too narrowly.  Plaintiff further argues that she has

demonstrated that there was a significant hardship imposed upon her.  Plaintiff asserts that the

bank changed its mind in refusing to comply with its previous agreement.  Plaintiff cites the court

to *Miller v. Nacol*, 224 S.W.2d 734, 737 (Tex. Civ. App.–Fort Worth 1949, no writ).

The reliance upon *Miller* is also misplaced.  In this case, Plaintiff did nothing more than

make payments that she was already obligated to pay under the Note and Deed of Trust.  The

payments being made do not implicate the partial performance exception to the statute of frauds.

Furthermore, Plaintiff fails to address many of the reasons given by the Magistrate Judge for

rejection of these arguments.  The court agrees that the loan documents did not permit oral

modification of the agreements, there is no evidence to support an oral modification, and even if

there was an oral modification, Plaintiff missed the August 1, 2012 payment date, and there is no

evidence of virtual fraud.  Plaintiff's objection is overruled.

Plaintiff next objects that the failure of consideration is an affirmative defense that was

not asserted by Defendant PNC Bank in its answer.  Plaintiff is correct that Defendants failed to plead "lack of consideration" as an affirmative defense.  However, Plaintiff fails to explain why she did not raise this issue before the Magistrate Judge.  Defendants raised the issue in their reply, and Plaintiff never contested the issue in a sur-reply.  Although the court does not approve of raising a new issue in a reply, Plaintiff cannot now complain about the issue.  Even if the court were willing to examine this late challenge, Plaintiff has failed to argue how she was unfairly surprised and prejudiced by this argument being asserted.  *See Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 577-78 (5th Cir. 2009).  Plaintiff also fails to assert how the alleged oral modification was supported by any new consideration.  Plaintiff's objection is overruled.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Plaintiff [Doc. #22], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment [Doc. #16] is **GRANTED** and Plaintiff's case is **DISMISSED** with prejudice.

.

So **ORDERED** and **SIGNED** this **22** day of **November, 2013.**

_____
Ron Clark, United States District Judge